**In the Matter of Randy C. EYSTER, Respondent.**

**No. 49S00–1303–DI–214.**

Supreme Court of Indiana.

May 30, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** On August 17, 2011, Respondent was convicted on a guilty plea to operating a motor vehicle ("OWI") with at a least 0.08 grams of alcohol per 210 letter of breath, a class C misdemeanor.

On June 12, 2013, Respondent was convicted on a guilty plea to the following offenses: OWI endangering a person, a class C misdemeanor; and OWI with a previous OWI conviction within five years, a class D felony.

The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; (3) Respondent self-reported his conviction to the Commission in a timely manner; and (4) Respondent voluntarily engaged himself in alcohol treatment an monitoring through the Indiana Judges and Lawyers Assistance Program ("JLAP") and is in compliance with his monitoring agreement.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits com-

mitting a criminal act that reflects adversely on trustworthiness or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of ninety (90) days, beginning on the date of this order, all stayed subject to completion of at least two (2) years of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) During his probation, Respondent shall refrain totally from the use of alcohol and mind-altering substances except as prescribed, and he shall comply with all JLAP requirements and with the Rules of Professional Conduct.

(2) If Respondent violates his probation, the stayed suspension be actively served without automatic reinstatement, and Respondent may be reinstated only through the procedures of Admission and Discipline Rule 23(4) and (18).

Notwithstanding the expiration of the minimum term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to a petition to terminate probation filed under Admission and Discipline Rule 23(17.1).

With the acceptance of the parties' conditional agreement, the Court denies as moot the Commission's "Notice of Guilty Finding and Request for Suspension," filed on March 25, 2013.

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DICKSON, C.J., and RUSH, J. who dissent.

DICKSON, C.J., dissents from approval of the conditional agreement, believing that the proposed discipline is significantly inadequate in light of Respondent's felony conviction.